17216

THE STATE, RESPONDENT, v. BEATTIE BOLIN, Appellant

(95 S. E. (2d) 163)

*Harry L. Cline, Esq.*, of Gaffney, *for Appellant,*

*J. Allen Lambright, Esq.*, of Spartanburg, *for Respondent,*

November 5, 1956.

LEGGE, Justice.

At the November, 1955, term of the Court of General Sessions for Cherokee County, Beattie Bolin was found guilty of selling alcoholic liquors on Sunday, in violation of Section 4-102 of the 1952 Code. He acted as his own counsel at the trial, and counsel now representing him was not employed until after imposition of sentence.

Certain exceptions have been abandoned, and those remaining for consideration charge that the trial judge erred:

1. In questioning a witness for the prosecution with regard to certain bottles of liquor, not involved in the alleged sales, that the arresting officers found in the defendant's home;

2. In permitting these other bottles of liquor, which were not in evidence, to be brought into the courtroom and to remain there in the presence of the jury; and

3. In refusing to grant defendant's motion for direction of verdict because of insufficiency of proof of his guilt.

The questions sought to be raised by 1 and 2 above, not having been raised during the trial, will not now be considered. *State v. Burnett,* 226 S. C. 421, 85 S. E. (2d) 744; *State v. Alexander,* S. C., 95 S. E. (2d) 160. Moreover, it was the defendant himself who injected the matter of the additional liquor into the trial, during his cross-examination of Officers Reed and Collins. Both of these officers testified, in response to his questions, that in addition to the three half-pints of liquor purchased from him by Reed earlier in the day, which were in evidence, they had found in his home, and had seized, seventy-one half-pints and eight pints. During the re-direct examination of Collins the presiding judge inquired of the solicitor whether or not any of the bottles last mentioned were of the same brand as any of the three half-pints in evidence; and thereupon the solicitor, without objection on the part of the defendant, put the suggested question to the witness, who replied in the affirmative.

Also, it was at the request of the defendant himself that the liquor not in evidence was brought into the courtroom. The transcript of record shows that at the close of the testimony, the jury having retired, the following occurred:

"Mr. Bolin: I would like for the sheriff * * *. I want to ask the sheriff to go down and count this whiskey.

"The Court: I don't see where it has any bearing on the case.

"Solicitor Lambright: I don't think it is proper, your Honor. (After a discussion, Mr. Bolin requested that the sheriff have the whiskey brought to the courtroom, and the sheriff was instructed to do so by the Court. The whiskey was brought to the courtroom in a paper carton and placed on a desk in front of the jury box. The whiskey was counted by the sheriff in the presence of Mr. Bolin.") The record reveals no objection on the part of the defendant to the liquor remaining on the desk during the remainder of the trial.

Officer Reed, of South Carolina Law Enforcement Division, testified that on Sunday, October 16, 1955, at 2:40 p. m., at the direction of Officer Collins, his superior, he went to the defendant's home and there purchased from the defendant one half-pint of whiskey, for which he paid the defendant two dollars; that about 3:30 p. m. on the same day, having turned the half-pint so purchased over to Officer Collins, he went back to the defendant's home and there purchased from him two more half-pints of whiskey, paying him therefor four dollars; and that he turned these bottles over to Officer Collins. This testimony was corroborated by Officer Collins, who identified the three half-pints of liquor, which he had marked. The defendant, not denying that alcoholic liquors were being sold at his home, contended that he personally had not sold any liquor since March, 1949; that the liquor found in his house on October 16, 1955, belonged to his wife; and that if Officer Reed bought any liquor there he must have bought it from the defendant's wife.

The foregoing sufficiently indicates the conflict in the evidence, which required submission of the case to the jury.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.