17591

STATE, Respondent, v. Robert James GOREY, Appellant

(111 S. E. (2d) 560)

*Messrs. M. Noel Turner* and *C. Chester Brown,* of Spartanburg, *for Appellant,*

*Messrs. J. Allen Lambright, Solicitor,* and *J. Wright Nash, Assistant Solicitor,* of Spartanburg, and *Mike S. Jolly,* of Union, *for Respondent,*

December 8, 1959.

LEGGE, Justice.

At the January, 1959 term of the Court of General Sessions for Spartanburg County, appellant, a Negro boy, was

convicted of manslaughter and sentenced to serve seven years on the public works of Spartanburg County or in the State Penitentiary. The offense with which he was charged had been committed on July 28, 1958, at which time he was thirteen years of age. His appeal raises two questions:

1. Was the court without jurisdiction because of appellant's age?

2. Did the trial judge err in refusing to instruct the jury as to the law of involuntary manslaughter?

Appellant's first contention is based upon Sections 15-1335 and 15-1336 of the 1952 Code, relating to the Children's Court of Spartanburg County, and reading as follows:

"15-1335. The children's court of Spartanburg County shall have exclusive original jurisdiction of any case of a child less than sixteen years of age who is delinquent, dependent or neglected and of all other persons involved with or contributing to the dependency or delinquency of any child residing in or being at the time within said county or any city therein."

"15-1336. In case any child under sixteen years of age is charged with a serious criminal offense the judge of the children's court may certify such case to the circuit court of Spartanburg County for disposition."

In the case at bar the indictment charged the appellant with murder. The two Code sections just quoted were never intended to invest the Children's Court of Spartanburg County with jurisdiction to try cases of murder or manslaughter, nor is any such intention suggested by their language. Article V, Section 1, of the Constitution forbids the legislature to confer such jurisdiction upon any court inferior to the circuit courts. Cf. *State v. Phillips,* 226 S. C. 297, 84 S. E. (2d) 855.

Actually, appellant's contention is not that the Children's Court has jurisdiction in capital cases, but that his case should have been channeled through that

court to the Court of General Sessions, and that the assumption of immediate jurisdiction by the latter violated the Code provisions just quoted and thus deprived him of the due process guaranteed by Article I, Section 5, of the Constitution. The contention is without merit. These Code provisions do not, and could not, abridge the jurisdiction of such cases vested in the Court of General Sessions under Article V, Section 1, of the Constitution.

At the time of the homicide, appellant was working in a peach shed unloading baskets of peaches that had been brought there from the orchard on a flat truck. The deceased, another Negro boy, aged twenty, was working in the same shed, but on another "flat". There was testimony for the State that appellant had thrown a peach, which had hit the deceased; that after some exchange of angry words appellant, with an open pocket knife in his hand, had come into the aisle in which the deceased was working; and that in their ensuing scuffle appellant stabbed the deceased once in the groin, puncturing an artery. There was testimony by some of the other workers to the effect that they had seen no peach thrown and had heard no exchange of angry words between the two boys. Appellant testified that he had not thrown a peach at the deceased; that he had gone from his "flat" to eat a peach from a basket near the deceased; that the deceased, in play, had caught hold of him and they had engaged in a friendly scuffle, in the course of which the fatal wound had been unintentionally inflicted.

In the light of appellant's testimony before mentioned, we think that the trial Judge erred in refusing his counsel's request that the jury be instructed as to the law concerning involuntary manslaughter. While that testimony was of course directed toward proof of accidental homicide, it was also susceptible of the inference that appellant was guilty of negligence in scuffling with an open knife in his hand. Such negligence, resulting in homicide, would

have supported his conviction of involuntary manslaughter. *State v. Barnett,* 218 S. C. 415, 63 S. E. (2d) 57.

Reversed and remanded for new trial.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.