18735

The STATE, Respondent, v. James William GOODWIN, Appellant

(158 S. E. (2d) 195)

*John Bolt Culbertson, Esq.,* of Greenville, *for Appellant,*

*H. F. Partee, Esq., Assistant Solicitor,* of Greenville, *for Respondent,*

December 8, 1967.

BRAILSFORD, Justice.

In March, 1965, at first dark, the defendant, James Goodwin, and one Joe Gibson were the sole occupants of an automobile traveling on a secondary highway in Greenville County. As they approached the home of one George Mitchell, the automobile left the highway and fatally injured a young woman who was standing near an automobile parked in Mitchell's yard. This automobile then struck the parked automobile, turned over twice and came to rest against a tree. The defendant was convicted of involuntary manslaughter and appeals to this court on exceptions which raise four questions.

The defendant charges that the court erred in overruling his motion for a directed verdict upon the ground that the evidence was insufficient to establish that he was the driver of the automobile. There is no merit here. The defendant and Gibson each testified that the other was driving. This alone was sufficient to require submission of the issue to the jury. *State v. Fleming,* 243 S. C. 265, 274, 133 S. E. (2d) 800, 806; West's South Carolina Digest, Criminal Law, 753(1).

At the trial, the defendant contended that Solicitor Thomason was disqualified from conducting the prosecution because Mr. Thomason's law firm had been retained by one R. C. Sweat, the driver of the parked automobile, in a civil action brought by Gibson against Sweat and Goodwin to recover for injuries sustained by him in the collision. Apparently, Sweat was joined as a defendant upon the allegation that the glare of bright lights from his parked car was a contributory cause of the collision. The court properly ruled that the solicitor was not disqualified. However, Mr. Thomason voluntarily withdrew and turned the prosecution over to his assistant. The second ground of appeal is from the court's refusal of defendant's motion to strike certain testimony as to defendant's bad reputation upon the ground that such testimony was the product of participation by Mr. Thomason.[1] This ground of appeal is without merit both because Mr. Thomason was not disqualified, and thus was eligible to participate, and because no semblance of prejudice to the defendant has been shown.

The defendant next claims error in the refusal of his motion for a new trial on the ground that an important witness for the State, Highway Patrolman Ellis, had a conversation with a juror during the course of the trial. At most, the record shows that during a recess in the trial a juror approached the patrolman in the hallway and made a complaint to him about an unrelated matter, which the patrolman agreed to investigate. There was nothing improper about the subject of the conversation and nothing which could be prejudicial to the defendant. The mere fact that a conversation occurred between a member of the jury and a witness for the prosecution did not require the granting of a new trial. We find no error as assigned. *State v. Way,* 38 S. C. 333, 348, 17 S. E. 39.

---

[1]. The record shows only that during the trial someone from the solicitor's office requested the character witness to come to court, and that he talked with the solicitor in the hallway before taking the stand.

Finally, the defendant charges that the court erred in admitting into evidence an oral confession which had been obtained in violation of the defendant's constitutional rights. This refers to the testimony of Patrolman Ellis that the defendant while in custody admitted to him that he was the driver of the automobile. In the direct examination of this witness the State avoided any reference to any interrogation of the defendant or to any statement, admission or confession made by him. Retained counsel for the defendant elicited the testimony now complained of on cross-examination. He apparently did so deliberately, conceiving that it would be to the advantage of his client to develop fully the facts concerning custodial interrogation of the defendant, during which he denied several times that he was driving. At any rate, the witness' answers were entirely responsive to the questions put to him and should have been expected by experienced counsel. The defendant is in no position to complain now of the admission of testimony which was elicited by the persistent interrogation of the witness by his own attorney.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

