19349

The STATE, Respondent, v. James LAKE, Appellant
(186 S. E. (2d) 256)

*Messrs. Robert B. Nance,* and *H. Carter Siegling,* of Columbia, *for Defendant-Appellant,* cite:

*Messrs. John Foard, Jr., Sol.,* and *Edmund Monteith, Asst. Sol.,* of Columbia, *for Respondent,* cite:

January 11, 1972.

BUSSEY, Justice:

At a trial commenced on December 16, 1970 and concluded the following day, the defendant-appellant was convicted of armed robbery and assault and battery of a high and aggravated nature. Although two questions are stated and argued on appeal, essentially there is only one question involved. It is contended that a mistrial should have been ordered because of the asserted emotional distress of a woman juror as to the welfare of her children. It is conceded that the ordering of, or refusal of a motion for, a mistrial is a matter within the discretion of the trial judge and that his discretion thereabout will not be disturbed in the absence of an abuse of discretion amounting to an error of law.

The jury received the case at 11:54 A.M. on December 17, and returned a verdict at 11 P.M. that night. The record would indicate that approximately seven hours were consumed in deliberation, the jury having had lunch in the jury room; been taken out for supper; returned to the court room to hear the testimony of one witness and on another occasion with a request for additional instructions. At 5:54 P.M., when the judge was preparing to

send the jurors to supper, it was brought to his attention that a lady juror had children at home with her husband, who was supposed to go to work at three o'clock the following morning, some nine hours later, and that there would be no one else to stay with the children if she were not home by that time. The judge, with the consent of counsel, allowed this juror to go to the telephone for the purpose of discussing the problem of the children with her husband.

Counsel for the defendant made no motion then but did express concern to the Court as to whether the juror's concern for her children would adversely affect her proper and due deliberation. At 9:45 P.M. counsel for defendant again expressed concern to the Court but still made no motion for a mistrial. In response, the Court had the following to say:

"I understand, and I thought it was general knowledge that the lady who made the telephone call, with your consent, to her husband has learned that her husband has probably arranged some swap of his shift so that he now will be able to take care of the children."

Still a bit later in the colloquy the judge stated that he wanted the record to reflect that the lady juror had been given an opportunity to call personally and that it was the judge's understanding that she had made satisfactory arrangements. Not until 10:47 P.M., just thirteen minutes before the verdict was returned, was a motion for mistrial made, and in response thereto the Court ruled as follows:

"We are dealing at this point in speculation as to what this juror is confronted with. The only information I have is of the juror's concern what she said in the Courtroom and as the record already reflects, I have permitted the juror with defense counsel's consent to speak directly with her husband and it's my understanding at this point that the juror has made arrangements with her husband who would not leave his home until three o'clock and if necessary he will change shifts under these circumstances. I have not before me any juror with pressure which is undue. As I have said before it

is clear that juries of South Carolina have deliberated until this hour and later, so I refuse it."

While the record does not contain precisely what information was communicated by the juror to the judge following her telephone conversation with her husband, the record is devoid of anything which would even remotely suggest that His Honor's understanding of the factual situation was incorrect. Nor was any effort made by counsel to pursue the matter in an effort to ascertain or develop any facts which might, perchance, indicate an erroneous understanding of the situation by His Honor, or that the juror was, in fact, worried or distressed about the absence of a satisfactory arrangement for the care and keeping of her children.

We conclude that the appellant has failed to demonstrate any abuse of discretion on the part of the trial judge in refusing his motion for a mistrial.

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.