### 19907

The STATE, Respondent, v. Thomas Jerry BELL, Appellant.

(209 S. E. (2d) 890)

*Matthew J. Perry, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, and *V. Laniel Chapman, Sol.,* of Anderson, *for Respondent,*

November 12, 1974.

LITTLEJOHN, Justice:

The appellant, Thomas Jerry Bell, was convicted and sentenced for rape. He has appealed, alleging error on the part of the trial judge in four particulars.

(1) In holding his arrest lawful and in admitting into evidence articles discovered in his automobile as a part of the State's case;

(2) In refusing to grant a mistrial after the solicitor asked a question allegedly injecting a race issue;

(3) In permitting a State's reply witness to give testimony relative to a report by the prosecuting witness that a watch had been stolen; and

(4) In refusing to direct a verdict of not guilty in favor of Bell.

The prosecuting witness testified that Bell came to her mobile home on the 3rd day of May, 1973, at about 9:15 p. m., and asked if her husband were at home. After learning that her husband was not at home Bell departed. About fifteen minutes later a man came to her home wearing the same color clothes and possessing the same physical characteristics. He wore a pair of pantyhose over his head.

She testified that she was forced into his automobile, carried to an isolated area and raped. Her assailant then took her back to her home. She contacted her family and, in turn the police.

The prosecuting witness informed the police that she had been raped, and that her assailant was a black man with a moustache, about six feet or six feet one inch in height, weighing about 165 or 170 pounds. She described him as being dressed in blue trousers and a light blue shirt, and described the car in which he was riding as a blue Plymouth Roadrunner with a white interior and a gear-shift stick on the floor. She told the police officer that on the floor of the car she saw a gas can with the word "Fry" printed thereon, and a pantyhose wrapper with the word "Pennybaker."

Among the police officers to whom this information was given was Deputy Sheriff Mendell Harris.

About eight hours later, at 5:20 a. m., Deputy Harris was at the intersection of Highways 86 and I-85, watching for a suspect in another case. A blue Plymouth, answering the general description of the assailant's car, came by traveling at an excessive speed. The deputy gave chase to the automobile at a speed up to 110 miles per hour, and apprehended the car some three miles away. He testified that upon stopping the blue Plymouth he saw that it had a white in-

terior and a gear-shift stick on the floor, and observed that the driver had a moustache. He also saw a can in the car with the word "Fry" written on it. Bell consented to wait while Deputy Harris radioed for investigating detectives. Captain Bracken testified that he observed the can with "Fry" on it, and Officer Macomson testified that he saw the pantyhose wrapper in plain view from outside the vehicle.

Bell was arrested and booked at 6:20 a. m. During the booking process he was required to remove his boots. A pair of pantyhose was found in his left boot.

The "Fry" can, the wrapper and the pantyhose were admitted into evidence. Their admissibility is questioned on this appeal.

Bell argues that his arrest was unlawful in that it was made without an arrest warrant and without probable cause.

It is well established that an officer may lawfully arrest without an arrest warrant if he has reasonable grounds to believe that a felony has been committed and that the arrestee committed it. *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855 (1966). We are of the opinion that the officers had sufficient probable cause to arrest Bell and his arrest was lawful. See *State v. Singleton,* 258 S. C. 125, 187 S. E. (2d) 518 (1972).

Having found the arrest lawful, it follows that the seizure was legal and the objects found in the car were admissible in evidence. We held in *State v. Daniel,* 252 S. C. 591, 167 S. E. (2d) 621 (1969), that objects of evidence in an automobile in plain view may be seized since no search is necessary.

Independent of the reasoning in *Daniel, supra,* a search of this vehicle was proper under the circumstances. *Katz v. United States,* 389 U. S. 347, at 351, 88 S. Ct. 507, at 511, 19 L. Ed. (2d) 576 (1967) ; *Cardwell v. Lewis,* .... U. S. at ...., 94 S. Ct. 2464, at 2471, 41 L. Ed. (2d) .... (1974).

The pantyhose found in Bell's boot at the time of his booking was clearly admissible as a search incident to custodial arrest. *United States v. Edwards,* 415 U. S. 800, 94 S. Ct. 1234, 39 L. Ed. (2d) 771 (1974).

We find no error in the judge's ruling that the arrest was legal, or in his admitting the can, the pantyhose wrapper, and the pantyhose in evidence.

Bell's defense was alibi. He submitted some witnesses who, if believed, would have established that defense. He testified that he had known the prosecuting witness for about three years and stated that he had been dating her. It was the testimony of the prosecuting witness that she did not know him and had not seen him prior to this time. She testified further that Bell warned her that if she told the police or her husband about this incident "he would say [she] had invited him there." On cross-examination the solicitor asked Bell when he had first dated the prosecuting witness. He responded, "I think it's pretty hard for anybody to remember when they had their first date." The solicitor then inquired, "with this white lady?"

Bell's counsel objected to the question. The objection was immediately sustained and the jury was admonished by the judge as follows: "It is irrelevant, immaterial and it is improper and Mr. Foreman and ladies and gentlemen, please disregard it. Give no consideration and you will not refer in that manner any further."

Later, counsel for Bell moved for a mistrial on the ground that the remark injected a race issue into the trial. The motion was overruled. In his subsequent charge to the jury, the judge repeated his admonition on this point.

The granting of a mistrial is a matter within the discretion of the trial court, and that discretion will not be disturbed unless there is abuse. *State v. Lake,* 257 S. C. 407, 186 S. E. (2d) 256 (1972). In determining whether there has been an abuse of discretion, all circumstances must be taken into consideration. It is inescapable

that all members of the jury were fully aware of the fact that the defendant was a black person and the prosecuting witness was a white woman. We find no abuse of discretion.

During Bell's testimony he stated that the prosecuting witness had given him a watch, which was admitted into evidence as an exhibit. At the close of the defense testimony the State recalled a police officer in reply. He testified that he had, about five weeks previous to May 3, 1973, been called to the home of the prosecuting witness to investigate a burglary. He further stated that she had reported that a watch had been stolen. We think the testimony was properly admitted in reply.

Lastly, Bell alleges that the trial judge should have directed a verdict in his favor. From the evidence recited hereinabove, it is abundantly clear to this Court that the question of guilt was one for the jury and not for the trial judge. In determining whether a motion should be granted for a directed verdict of not guilty it is well settled that the evidence, and inferences which reasonably can be drawn therefrom, must be viewed in its most favorable light for the State. See cases collected, 7A South Carolina Digest, Criminal Law, § 753(2). It is not the function of the court to pass upon the weight of the evidence, but to determine its sufficiency to support the verdict, and where there is any evidence however slight on which the jury may justifiably find existence or nonexistence of material facts in issue, or if evidence is of such character that different conclusions as to such facts reasonably may be drawn therefrom, the issues will be submitted to the jury. See cases collected, 7A South Carolina Digest, Criminal Law § 741(1).

The trial judge was obviously correct in refusing the motion for a directed verdict.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.