20160

The STATE, Respondent, v. Carl Jackson ARNOLD, Appellant.

(221 S. E. (2d) 867)

154

*Messrs. G. Ross Anderson, Jr., Karl L. Kenyon, William N. Epps, Jr., and Robert P. Lusk,* of Anderson, *Kenyon & Epps,* Anderson, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Robert N. Wells, Jr., Staff Atty.,* of Columbia, *for Respondent,*

January 28, 1976.

GREGORY, Justice:

Appellant, Carl Jackson Arnold, was found guilty of murder at the February, 1975 Term of General Sessions Court for Anderson County and sentenced to life imprisonment. Five exceptions constitute the basis for this appeal. Finding no prejudicial error, we affirm the conviction.

The indictment stemmed from a shooting incident which occurred in Anderson County on May 31, 1974. The deceased, Ronnie Davis, died as a result of a pistol wound in the chest at the hands of the appellant.

At the trial a number of witnesses were called to testify to the circumstances surrounding the shooting of the deceased by the appellant. We briefly summarize the facts, as presented by this testimony.

On the night before the shooting, the deceased visited a tavern owned by appellant's father, but operated by appellant that night. Appellant, believing the deceased was attempting to steal a case of beer confronted the deceased and precipitated a fight. This confrontation ended with appellant's striking the deceased on the head with a pool cue stick.

On the ensuing afternoon the deceased attended a softball game at the Iva Ball Park. Although in uniform he did not actually play in the game involving the "Misfits", a team to which he belonged. The appellant also attended the game, but as a spectator, with his girlfriend. She carried a handbag in which appellant had earlier placed his pistol.

Immediately after the game appellant and his girlfriend walked from behind third base where they had been seated across the field to where the deceased was leaning against a car near first base. The appellant approached to within several feet of the deceased, pulled the pistol from his girlfriend's bag and shot the deceased in the chest from which wound he died. No words were exchanged between the appellant and the deceased. The deceased was not armed.

The appeal alleges error in the trial judge's denying appellant's motion for a mistrial based on prejudicial and inflammatory remarks of the solicitor, inasmuch as they tended to imply that Mr. Anderson, appellant's attorney, had improperly influenced the testimony of a witness.

Appellant called as a character witness, Mr. Francis Campbell. They had previously coached youth teams at the

YMCA. Mr. Campbell testified that the reputation of the deceased was bad. On cross examination the solicitor, apparently attempting to impeach his testimony, asked if the deceased's reputation "was bad because of what people told you—not what you saw?" The witness replied, "I know from my actions in the community, my peers, that—," whereupon the solicitor interrupted by asking, "Mr. Anderson is a peer because he is on the Board of the YMCA?".

The trial judge sustained the immediate objection of the defense, and instructed the jury to ignore the question. Ordinarily, judgment will not be reversed because of incompetent questions asked a witness where the jury was instructed to disregard them. *McCrae v. McCoy,* 214 S. C. 343, 346, 52 S. E. (2d) 403 (1949). We find that the judge's instruction cured any possible prejudice resulting from any implication of misconduct on the part of appellant's counsel.

It is the general rule of this State that the ordering of, or refusal of a motion for mistrial is within the discretion of the trial judge and such discretion will not be overturned in the absence of abuse thereof amounting to an error of law. *State v. Lake,* 257 S. C. 407, 409, 186 S. E. (2d) 256, 257, (1972). We find no abuse in the denial.

Appellant next alleges prejudicial error in the denial of his motion for mistrial based on the trial judge's failure to instruct the jury not to read newspapers or listen to radio or television accounts of the trial. The record reveals that although the trial judge did not so instruct, defense counsel did not so request. At the beginning of the second day of trial, defense counsel moved for a mistrial stating an account of the trial in the Anderson Independent would possibly be adverse to appellant. The court on its own initiative asked the jury if anyone had read the article and none answered. Counsel for appellant made no requests for

additional inquiry. The newspaper article was not made part of the record and no juror acknowledged reading it.

Appellant has not shown any prejudice resulting from the newspaper article, nor from television or radio reports about the trial. In *State v. Vanderhorst,* 257 S. C. 114, 184 S. E. (2d) 540 (1971), cert. denied, 406 U. S. 908, 92 S. Ct. 1616, 31 L. Ed. (2d) 818 (1972), we held in appeals based on denials of such motions for mistrial that it is incumbent upon appellant to show an abuse of discretion on the part of the trial judge and that the article in question was in fact prejudicial.

Furthermore, any problem concerning possible prejudice generated by the newspaper article was cured by the judge's inquiry of the jury, and the existence of reports by other news media was merely conjectural.

The next error assigned is that the trial judge erred in denying appellant's motion for a directed verdict based on the allegation there was no evidence by the State to establish that he killed the deceased with malice aforethought. In deciding whether the trial judge erred in not directing a verdict in favor of appellant, we must view testimony in the light most favorable to the State. The trial judge is concerned with the existence or nonexistence of evidence, not its weight. "[I]t is his duty to submit the case to the jury if there is evidence, eihter direct or circumstantial which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced." *State v. Robinson,* 223 S. C. 314, 75 S. E. (2d) 465 (1953). See also *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464 (1970).

The State presented evidence that appellant had a loaded revolver in his girlfriend's purse the day of the shooting, that he took his girlfriend with the gun in the purse to a ballgame which deceased attended, after which game he walked across the softball field, grabbed the gun from the purse, and shot the deceased at pointblank

range. Moreover, malice is to be presumed from the use of a deadly weapon in the commission of a homicide. *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652 (1971).

With such quantity of evidence presented against the appellant, the trial judge had no choice but to submit the case to the jury.

Appellant further charges error in the trial judge's denial of appellant's motion to reduce the charge of murder to a charge of manslaughter. Appellant alleges that all of the State's evidence conclusively showed that the killing was in sudden heat and passion. For reasons already stated, we disagree. There was ample evidence to submit the case to the jury on the charge of murder. The trial judge instructed the jury the law of manslaughter and self defense, as well as murder. It was for the jury to decide which, if any, measure of homicide the appellant had committed. We find no error.

Lastly, appellant alleges that the evidence and testimony as a whole is insufficient to support a murder conviction because the testimony of defense witnesses, if believed, clearly shows that the actions of the appellant were done by accident and not as a rule of design or intent on the part of appellant. The evidence and testimony as a whole in this case are more than sufficient to support a conviction of murder.

The exceptions are overruled and the lower court is

Affirmed.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.