20290

The STATE, Respondent, v. Prailow FUNCHESS, Appellant.
(229 S. E. (2d) 331)

*William T. Toal, Esq.,* of Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Joseph A. Wilson, Asst. Attys. Gen.,* and *Perry M. Buckner, Staff Atty.,* of Columbia, and *Norman E. Fogle, Sol.,* of Orangeburg, *for Respondent.*

October 18, 1976.

*Per Curiam:*

Appellant was convicted of robbery, housebreaking, and assault with intent to ravish and received consecutive sentences totalling fifty (50) years. The trial judge limited the charges submitted to the jury to the foregoing offenses and refused appellant's timely request that the charge of assault and battery of a high and aggravated nature be also submitted as a lesser included offense of assault with intent to ravish. The sole question presented by appellant on appeal is whether the trial judge erred in refusing the request for an instruction on assault and battery of a high and aggravated nature.

The testimony shows that appellant and his codefendant forced themselves into the home of the prosecutrix about 11:30 a. m., at a time when only she and her 87 year old aunt were present, and committed a robbery. During the course of the incident, the prosecutrix and her aunt were beaten and forced to go upstairs in the house. While being forced up the stairs, the prosecutrix fell and appellant placed his hand under her clothes touching her private parts. He then forced the prosecutrix onto the bed where she was held and told her: "I am going to rape you." The codefendant testified that appellant told the prosecutrix that he would rape her if she didn't give him more money. She attempted to get off the bed but on each attempt she was struck and knocked back. The vicious attack by appellant upon the prosecutrix ended only when her aunt was able to get a pistol, kept in a bedside table, and shoot the codefendant.

Assault and battery of a high and aggravated nature is a lesser included offense of the charge of assault with intent to ravish, *State v. Shea,* 226 S. C. 501, 85 S. E. (2d) 858. However, this does not require that the lesser included offense be submitted to the jury in every case of assault with intent to ravish.

We have held that it is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is *only* guilty of the lesser offense. *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

Hollman involved the offense of assault and battery of a high and aggravated nature and the lesser included offense of simple assault and battery. The court there approved the refusal to submit the lesser included offense of simple assault and battery, stating:

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of simple assault and battery under an indictment charging an assault and battery of a high and aggravated nature. It is not error, however, for a presiding Judge to refuse to submit the question of simple assault and battery to the jury under an indictment for an assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is *only guilty* of a simple assault and battery. (Emphasis added.)

All of the evidence tends to show that appellant committed an assault with intent to ravish and we find no conflict in the evidence on any element of that offense. Appellant relied on alibi as a defense but concedes in his brief that "there was sufficient evidence to submit to the jury on the charge of assault with intent to ravish." We think the evidence showed more than an assault and battery of a high and aggravated nature; and the trial judge properly held that the question for the jury was

whether appellant was guilty of an assault with intent to ravish or not guilty under his defense of alibi.

Appellant argues however that, assuming no conflict in the evidence, still the jury might have disbelieved the State's evidence as to intent to rape and, under the circumstances, found him guilty of the lesser offense of assault and battery of a high and aggravated nature. As pointed out in the North Carolina case of *State v. Hicks,* 241 N. C. 156, 84 S. E. (2d) 545, the *presence of evidence* to sustain the crime of a lesser degree determines whether it should be submitted to the jury and the "mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

While we do not consider it proper to dismiss this appeal under Rule 23, we affirm the judgment without oral argument.

Judgment affirmed.