20936

The STATE, Respondent, v. Barbara MICKLE, Appellant.

(254 S. E. (2d) 295)

*Robert W. Mance, III,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe, Staff Atty. Lindy P. Funk-house* and *Sol. James C. Anders,* Columbia, *for respondent.*

April 16, 1979.

NESS, Justice:

Appellant was convicted of voluntary manslaughter in the death of her husband and sentenced to ten years imprisonment. We affirm.

Robert Mickle died from a shotgun wound in his chest admittedly inflicted by appellant following an argument in their home. At trial, appellant asserted self-defense.

Initially appellant contends the trial judge erred in refusing to grant her motion for a directed verdict of acquittal. In particular, appellant argues that other than her inculpatory statement, there was no proof that the death of her husband resulted from the criminal agency of another person. This is without merit.

In determining whether a motion for directed verdict of not guilty should be granted in a criminal case, the evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the State. *State v. Bell,* 263 S. C. 239, 209 S. E. (2d) 890 (1974); *State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976).

Here, there was evidence that appellant and her husband were arguing earlier that day and that following the incident, she drove to a friend's house and stated she shot her husband. A chemist testified that the lack of gun powder residue on the deceased's shirt negated the possibility of suicide. A firearms expert testified that firing the .12 gauge shotgun would require two actions: the cocking of the hammer and the pulling of the trigger.

This case is analogous to our recent decision in *State v. Kahan,* 268 S. C. 240, 233 S. E. (2d) 293 (1977), where the defendant was convicted of voluntary manslaughter in the death of his wife. As here, the victim died of a single bullet wound to the chest and the couple were alone in the

house at the time of the incident. There was testimony that the couple had been seen arguing at a party a few hours earlier. While noting that the evidence against Kahan was purely circumstantial, we held the case was properly submitted to the jury. *State v. Collington,* 259 S. C. 446, 192 S. E. (2d) 856 (1972).

Similarly here, we conclude there was sufficient evidence that the victim's death was caused by the criminal agency of appellant. In view of the circumstantial evidence supporting the State's case, a directed verdict of acquittal would have been improper.

Appellant next asserts the trial court erred in refusing to charge involuntary manslaughter. We disagree.

It is only necessary to charge a lesser included offense when there is evidence tending to show that only such lesser crime was committed. *State v. Funchess,* 267 S. C. 427, 229 S. E. (2d) 331 (1976).

Appellant conceded at trial that the shooting was intentional:

"Q. And when you shot did you intend to kill him?
"A. No.

"Q. When you shot the gun what was your intention?
"A. Stopping him." (Tr. p. 92).

We conclude the trial judge properly held that the question for the jury was whether appellant was guilty of voluntary manslaughter or not guilty because she acted in self-defense. *State v. Funchess, supra.* The facts of this case do not support a charge of involuntary manslaughter and the trial court correctly declined to so instruct the jury.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, J. , concur.

RHODES and GREGORY, JJ., dissent.

GREGORY, Justice (Dissenting):

I respectfully dissent and would reverse and remand for a new trial. In my view the previous decision of this Court in *State v. Gorey*, 235 S. C. 301, 111 S. E. (2d) 560 (1959) is directly on point and controlling.

In addition to the brief excerpt from appellant's testimony quoted in the majority opinion, appellant, an abused and battered wife, in her statement offered and admitted into evidence as a state's exhibit and published to the jury by Lt. Castle, a state's witness, said: "Tonight, July 23, 1977, at about 8:45 p. m. my husband, Robert, came back home. We started fussing, as usual. Started cussing each other out and calling each other names. I told Robert that it was best that he leave before one of us get hurt. I told him I was going to call daddy. I was heading out the back door and went through the dining room. .. . . He grabbed a chair and picked it up and throwed it at me. I ran in the bedroom. The gun was sitting behind the night stand. I grabbed the gun and turned around. Robert was in the room. At the time I don't know whether I was pushed or I tripped, but when I came back up straight the gun was aimed and it went off. I didn't know that I had shot the gun until I saw the blood. . . ." TR. 47.

Mr. Haigler, another witness for the State, testified that appellant stated to him that they had been struggling over the gun and that it went off. TR.. 16.

While the evidence introduced by the State was directed toward proof of murder or voluntary manslaughter, "it was also susceptible of the inference that appellant was guilty of negligence." *State v. Gorey, supra*. The negligent handling of a loaded gun causing death will support a verdict for involuntary manslaughter. *State v. White*, 253 S. C. 475, 171 S. E. (2d) 712 (1969).

Whether the gun was discharged negligenlty or was intentionally fired (with malice or in sudden heat and passion

and upon a sufficient legal provocation or in self defense) was a question of fact for the jury. In refusing appellant's requested instruction of the law of involuntary manslaughter the trial judge committed reversible error. *State v. Gorey, supra.*

I would reverse and remand for a new trial.

RHODES, J., concurs.