432 S.E.2d 448 (1992)
The STATE, Respondent,
v.
William WASHINGTON, Appellant.
No. 23838.
Supreme Court of South Carolina.
Heard October 12, 1991.
Decided April 24, 1992.
Refiled as Amended on Denial of Rehearing June 1, 1993.
Asst. Appellate Defender M. Anne Pearce, of the South Carolina Office of Appellate Defense, Columbia, for appellant.
Atty. Gen., T. Travis Medlock and Asst. Atty. Gen., Harold M. Coombs, Jr., Columbia, and Sol. Dudley Saleeby, Jr., Florence, for respondent.
PER CURIAM:
This Court affirmed Appellant William Washington's conviction and sentence pursuant to Rule 220(b)(1), SCACR [see State v. Washington, Op. No. 92-MO-99 (S.C.Sup.Ct. filed April 24, 1992) ]. Subsequently, we granted his petition for rehearing, and the case was reheard on October 12, 1992. After reconsidering the full record, briefs of the parties and arguments of counsel, we affirm.
The appellant was indicted for robbery and armed robbery of a convenience store. The jury acquitted the appellant of armed robbery and convicted him of robbery, for which he received a sentence of imprisonment for ten years.
On appeal, the appellant alleges that the trial judge erred in denying his motion for a mistrial on the ground of the prosecution witness' two references to appellant's "booking report" from a prior arrest.
The police officer who filled out the incident report did not testify at appellant's trial. Following is the relevant portion of another investigating officer's testimony on cross examination by appellant's trial counsel.
Q Do you see time on here anywhere that indicates exactly when he wrote this?
A He had it that morning at 8 o'clock.
*449 Q You saw this document right here at 8 o'clock; is that right?
A Yes, sir, he had a copy of the report the original report.
Q Did he add anything to it afterward?
A Yes, sir.
Q What did he add?
A I had a copy of the previous booking report of Mr. Washington. He added a date of birth, black male, aged 35, and his Social Security number, which I had.
Q William Washington's name is on that report, isn't it?
A Yes, sir.
Q Well, you heard
A He had A/K/A Scrubby and when I talked to Ms. Green I had a copy of his previous booking report and I added that information that normally goes in the report. He added it. I gave the information to him as far as the date of birth
MR. DUBERRY: Just a minute. Your Honor, we have a matter we'd like to take up outside the presence of the jury.
THE COURT: We don't need to. You are examining this witness and you are eliciting that information. You go ahead.
The granting of a mistrial is a matter within the sound discretion of the trial judge, and his decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. State v. Wasson, 299 S.C. 508, 386 S.E.2d 255 (1989); State v. Lake, 257 S.C. 407, 186 S.E.2d 256 (1972). We find that the witness' answer in each instance was responsive to counsel's queries. Appellant may not now be heard to complain of the admission of evidence elicited by his own counsel. State v. Sullivan, 277 S.C. 35, 282 S.E.2d 838 (1981); State v. Goodwin, 250 S.C. 403, 158 S.E.2d 195 (1967). We affirm the ruling of the trial court on this issue.
Next, appellant asserts that the trial judge erred in denying his motion to suppress pre-trial identification evidence on the ground that the procedure utilized was unnecessarily suggestive.
Prior to trial but after the appellant had been indicted and placed in custody, the investigating officers arranged a photographic line-up which included a photograph of the appellant. The two store employees on duty at the time of the robbery viewed the line-up separately, and both identified the photograph of the appellant as the person who committed the robbery.
The appellant argues that he was in police custody at the time of the identification, and a physical line-up would have been a proper, more reliable method of identification.
When a suspect is in custody and a lineup is feasible, the use of a physical lineup as a basis of identification is the better, more reliable practice. However, we decline to adopt a rule or bright line test requiring a physical line-up for every suspect who is in custody. We adhere to our standard for determining the admissability of pretrial identification as enunciated in State v. Gambrell, 274 S.C. 587, 266 S.E.2d 78 (1980). Regardless of the identification procedure used it may not be so impermissably suggestive as to give rise to a very substantial likelihood of misidentification. See also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
On the record before us we do not find evidence that the identification procedure was so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable misidentification of the appellant. Accordingly, we affirm the trial judge's refusal to suppress the identification evidence.
AFFIRMED.