THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jonathan Dennis
 Carter, Appellant.
 
 
 

Appeal From Lancaster County
 Brooks P. Goldsmith, Circuit Court Judge
Unpublished Opinion No. 2008-UP-429
Submitted June 2, 2008  Filed July 24,
 2008
AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Senior Assistant Attorney General Norman Mark Rapoport, Office of the
 Attorney General, all of Columbia; and Solicitor Douglas A. Barfield, Jr., of
 Chester, for Respondent.
 
 
 

PER CURIAM: Jonathan
 Dennis Carter appeals his conviction of second-degree burglary.  He contends
 the trial court erred in failing to charge the jury on third-degree burglary
 because he disputed prior burglary convictions in his name and those prior
 convictions were an element of second-degree burglary.  We affirm.[1]
FACTS
On November 22, 2004, police responded to
 a report of a cracked window at the First Washington Baptist Church (the
 Church) in Lancaster, South Carolina, while the Church was closed.  The police
 discovered two broken windows and some blood around one of the windows and in other
 parts of the Church.  A vacuum cleaner, a crock pot, a microwave oven,
 communion glasses, chemical spray, and hot dogs were missing from the Church.  Shortly after their arrival, the police recovered some of the items from a
 wooded area behind the Church.
That same morning, Carter was
 spotted carrying a bag and walking from a pawn shop near the Church into the
 woods.  The police later brought Carter into the police station, where
 he waived his rights and admitted throwing a cinder block through the church
 window.  He further confessed to stealing the missing items from the
 church and eating the hotdogs.
A grand
 jury indicted Carter for second-degree burglary and petit larceny.  At trial, the
 State called the Lancaster Clerk of Court (the Clerk) to testify to demonstrate
 Carter had previously been convicted of two or more burglaries.  However,
 Carter argued the Clerks records did not sufficiently prove Carter had two
 prior burglary convictions.  The trial court agreed the Clerks testimony was insufficient
 and an assistant solicitor and a sheriffs deputy both involved in the cases of
 the prior burglaries testified in camera Carter was the person they
 dealt with in the prior burglaries.  The trial court determined the State had
 presented sufficient evidence to create an issue for the jury.  Carter
 requested the jury be charged with third-degree burglary in addition to
 second-degree burglary because there was reasonable doubt Carter had committed
 the previous burglaries.  The trial court stated, Ill think about it, but Im
 probably not going to charge that.
At
 trial, the Clerk testified the Clerks office had sentencing sheets indicating
 Carter pled guilty to burglaries in 2002 and 2004.  The sentencing sheets all
 listed the defendant as Jonathan Dennis Carter and they contained the same
 birth date and social security number.  However, the Clerk testified the
 Clerks office did not complete the forms and stated he could not testify as to
 the accuracy of the information about Carter on the forms.  Thereafter, Deputy
 Brent Williams testified he had served the warrant on Carter for the 2002 burglary
 and transported him to the detention center.  He identified Carter as the
 person he arrested but did not know if Carter was convicted of the charge.
Additionally,
 Deputy James Shaw testified he arrested Jonathan Dennis Carter at the scene of
 a burglary in 2004.  He identified Carter as the person he had arrested but did
 not recall seeing Carter plead guilty to the burglary.  Subsequently, probation
 agent Tim Williams testified he processed Carter for probation the same day he
 was sentenced for the 2004 burglary but was not present in the courtroom when
 the guilty plea was rendered.
At the
 close of the States case, Carter argued the States evidence was insufficient
 to identify Carter as the person convicted of the prior crimes.  Carter did not
 indicate what relief he sought other than he was not seeking a directed verdict. 
 The trial court denied the motion.  During closing arguments, Carter argued the
 State failed to prove beyond a reasonable doubt he had committed two prior
 burglaries because the States evidence of arrest did not prove he was
 convicted of the prior burglaries.  He further argued no witness testified the
 information on the sentencing sheets was correct or the signatures on them were
 his.
The trial court charged the jury on
 second-degree burglary but not third-degree burglary.  However, the trial court
 did instruct the jury the State must prove beyond a reasonable doubt Carter had
 two or more prior convictions of burglary.  The jury convicted Carter of both
 second-degree burglary and petit larceny.  The trial court sentenced him
 to life without parole for the burglary because of his two prior convictions
 for serious offenses.  Additionally, the trial court sentenced him to ten years
 imprisonment for the petit larceny, to run concurrently.  The trial court also
 pronounced Carter guilty but mentally ill by stipulation of the parties.  This
 appeal followed.    
STANDARD OF REVIEW
In criminal cases,
 the appellate court sits to review errors of law only.  State v. Baccus,
 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  Thus, an appellate court is
 bound by the trial courts factual findings unless they are clearly erroneous.  Id.    
LAW/ANALYSIS
Carter
 argues the trial court erred in refusing to charge the lesser included offense
 of third-degree burglary.  We disagree.
The
 trial court is required to charge the law as determined from the evidence
 presented at trial.  See State v. Gates, 269 S.C. 557, 561, 238 S.E.2d 680, 681 (1977).  If any evidence supports a charge, it should be given.  State v. Burriss, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999).  The
 trial court commits reversible error if it fails to give a requested charge on
 an issue raised by the evidence.  Id.  However,
 a trial courts refusal to give a requested charge must be both erroneous and
 prejudicial to warrant reversal.  State
 v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002).  Furthermore, [f]ailure
 to give requested jury instructions is not prejudicial
 error where the instructions given afford the proper test for determining the
 issues.  Id. at 263, 565 S.E.2d at 304.  
A
 person is guilty of second degree burglary if the person enters a building
 without consent and with intent to commit a crime therein, and . . . [t]he burglary is
 committed by a person with a prior record of two or more convictions for
 burglary.  S.C. Code Ann. § 16-11-312(B)(2)
 (2003).  A person is guilty of burglary in the third degree if the person
 enters a building without consent and with intent to commit a crime therein. 
 S.C. Code Ann. § 16-11-313(A) (2003).
The existence
 of evidence to sustain a lesser offense determines whether the charge should be
 submitted to the jury.  State v. Funchess, 267 S.C. 427, 430, 229 S.E.2d
 331, 332 (1976).  The mere contention the jury might accept the States
 evidence in part and reject it in part will not suffice.  Id. (quoting State v. Hicks, 84
 S.E.2d 545, 547 (N.C. 1954)).  In State
 v. Fields, 356 S.C. 517, 523,
 589 S.E.2d 792, 795 (Ct. App. 2003), the defendant was charged with first
 degree criminal sexual conduct but argued even though he
 did not testify or present any evidence on his own behalf, the jury could have
 disbelieved a portion of the States evidence and determined the sex was
 consensual, and thereby found him guilty of the lesser offense of assault and
 battery of a high and aggravated nature (ABHAN).  However, this court held the
 defendants mere assertion that the jury might have disbelieved the States
 evidence that the sex was not consensual and on the remaining evidence found
 him guilty of ABHAN does not entitle him to have the lesser
 offense submitted to the jury.  Id. at 523-24, 589 S.E.2d at 795.  See also State
 v. Tyndall, 336 S.C. 8, 22, 518 S.E.2d 278, 285 (Ct. App. 1999) (holding the possibility the jury might have disbelieved the
 States evidence as to the circumstances of aggravation and on the remaining
 evidence found the defendant guilty of simple assault and
 battery did not entitle the defendant to have the lesser offense submitted to
 the jury when no evidence tended to show defendant was guilty only of simple
 assault and battery).
At
 trial, Carter relied on a Second Circuit Court of Appeals case that held,
 Without more, a court record showing a conviction of a similarly named person
 (especially an eighteen-year-old record) cannot conceivably furnish assurance
 beyond a reasonable doubt that it pertains to the present defendant.  United
 States v. Jackson, 368 F.3d 59, 62 (2nd Cir. 2004).  The court further
 rejected the governments proposed rule that sufficiency is satisfied as the
 result of the defendants failure to offer proof in rebuttal.  Id.  
However,
 in the present case, the trial court relied on more than just an outdated court
 record: (1) the Clerks records indicated someone named Jonathan Dennis Carter,
 with the same birth date and social security number, pled guilty to burglary in
 2002 and 2004, much more recent than the eighteen-year-old record in Jackson;
 (2) the arresting officers testified they arrested Carter for burglary in 2002
 and 2004; and (3) a probation agent testified he processed Carter on the same
 day as the 2004 guilty plea.  Carter has only argued the jury might reject the
 States evidence in part, which is not sufficient to warrant a jury charge.  See Funchess, 267 S.C. at 430, 229 S.E.2d at 332.  Accordingly, the trial
 court did not err in failing to charge the jury with third-degree burglary.

 CONCLUSION
Based
 on the foregoing, the trial courts decision is
AFFIRMED.
HEARN,
 C.J., KONDUROS, J., and CURETON, A.J., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.