THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 George Thomas Middleton, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-UP-373
 Submitted June 1, 2011  Filed July 21,
2011    

AFFIRMED

 
 
 
 Benjamin Allen Stitely, of Lexington, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Senior Assistant Attorney General David Spencer, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  George Middleton appeals his conviction
 for distribution of crack cocaine, arguing the trial court erred in selecting a
 new jury from the balance of the jury panel after his first trial ended in a
 mistrial.  Middleton also argues the trial court erred in denying his motion
 for a mistrial in his second trial after a witness testified regarding his
 prior booking photo.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.   As to whether the
 trial court erred in selecting a new jury from the balance of the jury panel
 after Middleton's first trial ended in a mistrial:  State v. Harris, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000) (holding the trial
 court is in the best position to determine the credibility of the jurors, and
 therefore, it is granted broad deference on this issue);  State
 v. Johnson, 248 S.C. 153, 163, 149 S.E.2d 348, 353 (1966) (holding the
 question of the impartiality of a juror is addressed to the discretion of the
 trial judge);  State v. Loftis, 232 S.C. 35, 45, 100 S.E.2d 671, 676
 (1957) (refusing to interfere with the discretion of a trial judge in matters
 involving the jury because the trial judge has the opportunity to consider the
 credibility of the jurors).
2.   As to whether the
 trial court erred in denying Middleton's motion for a mistrial after a witness
 testified regarding Middleton's prior booking photo:  State v. Culbreath,
 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct. App. 2008) (holding the
 decision whether to grant or deny a mistrial motion is within the sound discretion of the trial court,
 and the trial court's decision will not be disturbed on appeal absent an abuse
 of discretion amounting to an error of law);  Id. (stating a mistrial
 should not be granted unless absolutely necessary, and in order to receive a mistrial the defendant must show error and resulting
 prejudice);  State v. Washington, 315 S.C. 108, 110, 432 S.E.2d 448, 449
 (1992) (holding a witness' reference to defendant's "booking report"
 from a previous arrest did not warrant a mistrial, where the reference was
 elicited by defendant's own counsel and was responsive to counsel's questions).
AFFIRMED.
FEW, C.J,
 PIEPER and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.