20173

The STATE, Respondent, v. James R. FORTNER, Appellant.
(222 S. E. (2d) 508)

*Messrs. Charles H. Chiles* and *Thomas F. McDow,* of Rock Hill, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbes, Asst. Attys. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent,* 

February 25, 1976.

GREGORY, Justice:

Appellant was tried and convicted of house breaking and grand larceny and sentenced to five years. He appeals on two grounds: (1) the court did not have jurisdiction to try him and his conviction is a nullity; (2) he was not allowed to testify at the hearing on the voluntariness of his confession and was thus deprived of a reliable determination thereof required by *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964). Finding merit in his second exception, we remand for a hearing in compliance with *Jackson v. Denno, supra,* and if it is decided the confession was not voluntary, the appellant shall be granted a new trial.

Appellant alleges that his indictment was a nullity and hence the trial court was without jurisdiction to try him since he made timely demand for a preliminary hearing in compliance with Section 43-232 of the 1962 South Carolina Code of Laws.

> Section 43-232 states in relevant part as follows: "Any magistrate who issues a warrant charging a crime beyond his jurisdiction shall grant and hold a preliminary investigation of it *upon the demand in writing of the defendant made at least ten days before the convening*

*of the next court of general sessions . . .* When such a hearing has been so demanded the case shall not be transmitted to the court of general sessions or submitted to the grand jury until the preliminary hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing." (Emphasis added).

Section 43-232 precludes acquisition of jurisdiction by the court of general sessions until after a preliminary hearing is held if the request is made in writing *at least ten days before convening of the next term of court. State v. Funderburk,* 259 S. C. 256, 191 S. E. (2d) 520 (1972). Appellant was arrested November 6, 1974. He made his written demand for a preliminary hearing November 11, 1974. The next convening term of court of general sessions in York County began November 18, 1974. Thus, contrary to appellant's assertion, his demand was not timely made and the grand jury and the court of general sessions were not precluded from jurisdiction until after a preliminary hearing.

A preliminary hearing pursuant to appellant's request was held January 8, 1975 two days after the grand jury returned a true bill. The fact that his preliminary hearing was given after the indictment does not deprive the general sessions court of jurisdiction. *State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220 (1968); *Sanders v. South Carolina,* 296 F. Supp. 563 (D. S. C. 1969).

Appellant next charges reversible error in the court's refusal to allow him to testify at the hearing out of jury's presence concerning the voluntariness of his confession. Under *Jackson v. Denno, supra,* appellant is entitled to a reliable determination as to the voluntariness of his confession by a tribunal other than the jury charged with deciding his guilt or innocence. In South Carolina the

judge makes this initial determination of voluntariness required by *Jackson v. Denno, supra.* In the instant case, the judge declined to hear any evidence on behalf of appellant concerning circumstances surrounding his confession. We agree that appellant was denied a reliable determination because he was not permitted to testify. His testimony would be pertinent to the inquiry on voluntariness and might be determinative.

Although appellant is entitled to a new hearing on the issue of voluntariness, he is not necessarliy entitled to a new trial. If in a collateral proceeding, appellant's confession is determined to be voluntary, appellant has suffered no prejudice. *State v. Cannon,* 248 S. C. 506, 515, 151 S. E. (2d) 752 (1966); *State v. Callahan,* 263 S. C. 35, 208 S. E. (2d) 284 (1974).

We remand this case to the Court of General Sessions for York County to hold a hearing before any judge having jurisdiction in that circuit for a determination of the voluntariness of appellant's confession. Both the State and appellant shall be afforded the right to introduce any relevant evidence in addition to that contained in the record of the prior hearing.

Should it be determined the confession was involuntary, appellant is entitled to a new trial at which the confession is excluded. If the confession is determined to be voluntary, the conviction is affirmed.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.