20523

The STATE, Respondent, v. Dennis BROWN, Appellant.

(238 S. E. (2d) 174)

*John A. Mason,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Richard P. Wilson, Asst. Attys. Gen.,* and *J. Dennis Bolt, Asst. Sol.,* of Columbia, *for Respondent,*

October 6, 1977.

GREGORY, Justice:

This is an appeal by Dennis Brown from his conviction by a jury of aggravated assault and battery. At issue is the trial judge's refusal to charge the lesser included offense of simple assault and battery. We affirm.

This case arose out of an altercation between appellant and Officer Donald L. Wand of the Columbia Police Department

that took place sometime during the late hours of the evening of May 24, 1976. The record shows that appellant and his brother had been visiting Don's Lounge in the Five Point's area of Columbia, South Carolina. Just prior to the altercation the two brothers had been asked to leave the establishment by the management.

Officer Wand testified that on the night of the incident he was working the beat that included the area of Don's Lounge. As part of his routine patrol he had pulled up and parked his motorcycle near Don's. While approaching the entrance to Don's, Officer Wand witnessed a confrontation between appellant and the doorman that had been precipitated by appellant's attempts to re-enter the lounge. Officer Wand stepped forward and attempted to settle the matter by ordering appellant to go home. Appellant was permitted to enter Don's to retrieve a cup of beer he had purchased but left inside.

On emerging from Don's and after exchanging words with Officer Wand, appellant, together with his brother, proceeded to his car in an adjacent parking area approximately 150 feet from Don's. Before reaching his car, appellant threw his beer cup on the ground between the sidewalk and the curb. Officer Wand, who had been following appellant and his brother from the lounge, witnessed this and ordered appellant to pick up the cup or be arrested for littering. Although appellant refused to obey the officer, appellant's brother picked up the cup and the brothers continued toward their car. Appellant then took the cup from his brother and threw it to the ground again. As appellant opened his car door and was getting in, Officer Wand reached into the car, grabbed appellant by the front of his shirt, placed him under arrest and told him to get out of the car. At the same time Officer Wand called for back-up assistance on his radio.

Appellant testified that Officer Wand did not tell him he was under arrest, but grabbed him and hit him over the head with a night stick. Appellant further testified he then tried to restrain the officer from striking him with the night stick again.

Contrary to appellant's testimony, Officer Wand stated that as appellant was emerging from the car after being placed under arrest, appellant struck the officer in the face and somehow got behind the officer and began choking him about the neck. Officer Wand testified he did not strike appellant with a night stick prior to this time, but did strike the appellant with a night stick in an attempt to stop the appellant from choking him. One corroborating witness for the State indicated appellant had actually jumped on Officer Wand's back, holding on with his legs while choking the officer with his hands and arms.

Several persons in the vicinity of Don's immediately rushed to Officer Wand's assistance, and together with four police officers who arrived in response to Officer Wand's call for assistance managed to subdue appellant. Appellant was handcuffed and transported to police headquarters.

Appellant was indicted by the Richland County Grand Grand Jury for aggravated assault and battery and resisting arrest. He was found guilty of the offense of aggravated assault and battery and was sentenced to serve six years imprisonment. This appeal followed.

Although four exceptions were taken, one was not briefed on appeal and another was abandoned at oral argument. The first of the two remaining exceptions involves the trial judge's refusal to charge the lesser included offense of simple assault and battery.

In *State v. Cunningham*, 253 S. C. 388, 171 S. E. (2d) 159, 160 (1969), we stated:

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of a simple assault and battery under an indictment charging an assault and battery of a high and aggravated nature. It is not error, however, for a presiding judge to refuse to submit the question of simple assault and battery to the jury under an

indictment for an assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is only guilty of a simple assault and battery. *State v. Hollman*, 245 S. C. 362, 140 S. E. (2d) 597.

Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Self*, 225 S. C. 267, 82 S. E. (2d) 63; *State v. Hollman*, 245 S. C. 362, 140 S. E. (2d) 597.

A simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. DeBerry*, 250 S. C. 314, 157 S. E. (2d) 637.

The record reveals the nature and extent of the altercation that ensued between appellant and Officer Wand. Appllant's version of the incident was that he attacked the officer in an attempt to prevent the officer from striking him with a night stick. If the jury believed appellant's testimony and evidence, appellant would have been entitled to a complete acquittal by reason of self-defense. On the other hand, if the jury did not believe appellant, the only inference to be drawn from the evidence was that the assault and battery was accompanied by circumstances of aggravation, namely, the resistance of lawful authority. *State v. Carpenter*, 262 S. C. 401, 205 S. E. (2d) 141 (1974); *State v. DeBerry*, 250 S. C. 314, 157 S. E. (2d) 637 (1967), cert. denied, 391 U. S. 953, 88 S. Ct. 1857, 20 L. Ed. (2d) 867.

> The trial judge committed no error in refusing to charge simple assault and battery since there was no evidence tending to show appellant was only guilty of

the lesser offense. *State v. Funchess,* 267 S. C. 427, 229 S. E. (2d) 331 (1976).

Appellant's final exception assigns as error the submission of the charge of aggravated assault and battery to the jury when the evidence demonstrated a lack of injury to the arresting officer and the absence of the use of a deadly weapon by appellant. This exception is without merit as neither serious bodily harm, *State v. DeBerry, supra,* nor the use of a deadly weapon, *State v. Carpenter, supra,* is an essential element of the offense of aggravated assault and battery.

Affirmed.

LEWIS,C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.