## 23118

The STATE, Respondent v. William Keith VICTOR, Appellant.

(387 S. E. (2d) 248)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood* and *Asst. Appellate Defender Joseph L. Savitz, III,* both of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Oct. 30, 1989.

Decided Dec. 11, 1989.

GREGORY, Chief Justice:

Appellant was convicted of murder, kidnapping, and grand larceny. He was sentenced to death for murder plus a ten-year term of imprisonment for grand larceny. We reverse and remand for a new trial.

The State's case in the guilt phase of the trial rested almost entirely on the testimony of Matthew Helms. At the time of the murder, Helms was nineteen years old and shared a trailer with appellant and the victim, Earl Jackson. Appellant, who was in his late twenties, had lived with Earl for nearly eight years; Earl was in his early fifties. Several weeks before the murder, Helms came to live with them.

Helms testified as follows. He was home with Earl on the night of January 4, 1988, when Earl asked him to go get appellant from a neighbor's trailer. Earl apparently wanted appellant to move out. Helms delivered the message and returned home. An hour and a half later, appellant came home intoxicated. He went back to the bedroom and got a gun. At gunpoint appellant ordered Earl to lie on the living room floor while he handcuffed Earl's hands behind his back. Appellant forced Helms to gag Earl with a bandanna them struck Earl on the head with a nightstick causing him to bleed profusely. Appellant led Earl outside to Earl's truck, ordering Helms to accompany them, and drove to a rock quarry where he forced them out of the truck at gunpoint.

Appellant dragged Earl by the handcuffs through the woods onto the rocks on the edge of the quarry. Helms saw appellant hurl Earl off the rocks. Helms was frightened and ran back to the truck. He then heard two gunshots. Appellant returned to the truck alone and the two returned to the trailer where they removed and disposed of the bloody carpet from the living room.

Appellant, however, testified to a different version of events. He stated that before the murder, Earl had discovered some cocaine in the trailer. Earl suspected Helms and was angry with him. On January 4, appellant came home intoxicated after being out the whole evening. Helms told him he had handcuffed Earl and struck him on the head causing bloody stains on the carpet and asked appellant to help him dispose of the carpet at the dump. On the way home from the dump, Helms told appellant he had gagged Earl and taken him out to a field and shot him.

On cross-examination, the solicitor questioned appellant extensively about a statement he gave police after his arrest. The statement indicated appellant was in the trailer while

Helms handcuffed, gagged and struck Earl and that appellant drove the truck to the quarry. According to the statement, appellant took Earl to the rocks on the edge of the quarry two scare him because he wanted to teach Earl a lesson for pulling a gun on him. Earl was frightened and kicked out at appellant. He slipped off the rock into the quarry. Before appellant could save him, Helms ran up and shot Earl several times.

Throughout cross-examination, appellant claimed his prior statement to police was untrue. He acknowledged that he received *Miranda*[1] warnings and signed a waiver form, but protested that police threatened him on several occasions with the electric chair. He claimed he lied to police because he was threatened.

On appeal, appellant contends the trial judge erred: (1) in failing to conduct a *Jackson v. Denno*[2] hearing to determine the voluntariness of his statement; and (2) in failing to submit the issue of voluntariness to the jury. We agree.

An accused's involuntary incriminating statement is ■ inadmissible for any purpose, including impeachment. *New Jersey v. Portash*, 440 U. S. 450, 99 S. Ct. 1292, 59 L. Ed. (2d) 501 (1979); *Mincey v. Arizona*, 437 U. S. 385, 98 S. Ct. 2408, 57 L. Ed. (2d) 290 (1978); *cf. Oregon v. Hass*, 420 U. S. 714, 95 S. Ct. 1215, 43 L. Ed. (2d) 570 (1975) (statement taken in violation of fifth amendment right to counsel admissible for impeachment); *Harris v. New York*, 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. (2d) 1 (1971) (statement taken without proper *Miranda* warnings admissible for impeachment). Appellant was erroneously deprived of an initial determination of the voluntariness of his statement before consideration by the jury as required by the Due Process Clause of the Fourteenth Amendment. *Jackson v. Denno*, *supra*.

The state contends the appropriate remedy is to remand for a suppression hearing only. This remedy is inadequate in this case because the *jury* never considered the issue of voluntariness as required by state law. *State v. Drayton*, 287

---

[1] *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966).

[2] *Jackson v. Denno*, 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964).

S. C. 226, 337 S. E. (2d) 216 (1985.[3]

The State further argues failure to submit the issue of voluntariness for the jury's consideration was harmless. This Court has held this error harmless only when there is no other reasonable inference but that the statement was voluntarily given or the defendant concedes its voluntariness. *State v. Drayton, supra; State v. Linnen,* 278 S. C. 175, 293 S. E. (2d) 851 (1982). Here, appellant contested the voluntariness of the statement in testifying he was threatened by police.

Because of egregious error in the trial judge's failure to hold a suppression hearing or to submit the issue of voluntariness to the jury, we reverse appellant's conviction and remand the case for a new trial.

Although we need not consider appellant's remaining exceptions, we address the following to set forth the proper procedure for submission of statutory mitigating circumstances to the jury in the penalty phase of a capital case. Pursuant to S. C. Code Ann. § 16-3-20(C) (1985), the trial judge must submit for the jury's consideration any statutory mitigating circumstances supported by the evidence. Once the trial judge has made an initial determination of which statutory mitigating circumstances are supported by the evidence, the defendant shall be given an opportunity on the record: (1) to waive the submission of those he does not wish considered by the jury; and (2) to request any additional mitigating statutory circumstances supported by the evidence that he wishes submitted to the jury.

The judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[3] In prior cases remanded for a suppression hearing only, the jury did consider voluntariness at trial. *See e.g., State V. Fortner,* 266 S. C. 223, 222 S. E. (2d) 508 (1976) (defendant was not allowed to testify at suppression hearing); *State v. Callahan,* 263 S. C. 35, 208 S. E. (2d) 284 (1974) (trial judge did not make specific findings after suppression hearing to ensure adquate review); *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752 (1966) (no suppression hearing but issue of voluntariness was submitted to jury).