1775

The STATE, Appellant v. Ronald W. SILVER, Respondent.

(414 S.E. (2d) 813)

Court of Appeals

*J. Brady Hair* and *Susan Sweat,* North Charleston, *for appellant.*

*Reese I. Joye, Jr.,* North Charleston, *for respondent.*

Heard Dec. 10, 1991; Decided Feb. 24, 1992.

Reh. Den. March 20, 1992.

SHAW, Judge:

Respondent, Ronald W. Silver, was convicted of driving under the influence by a municipal court jury. Silver appealed to the circuit court which reversed and remanded for a new trial finding the municipal court judge erred in failing to conduct a *Jackson v. Denno* hearing and in failing to grant Silver's *in limine* motion to exclude evidence. The State appeals. We reverse the circuit court order and reinstate the conviction.

The two issues before us on appeal are (1) whether a criminal defendant has an absolute right to a pretrial, *in camera* hearing and ruling on an *in limine* motion to exclude evidence and (2) whether a criminal defendant is entitled to a *Jackson v. Denno* hearing in order for the trial judge to determine whether a defendant is in custody and, thus, entitled to *Miranda* warnings.

There is no transcript of record from the municipal court trial. The record before us contains a case statement, municipal court return, arguments before the circuit court and the circuit court order. It is from these that we glean the following facts.

Silver was tried in municipal court. Immediately before trial, he requested an *in camera* hearing on an *in limine* motion to exclude the results of a breathalyzer test. He argued a hearing and ruling were necessary in order to structure the jury *voir dire* as a *voir dire* of the jury regarding the breathalyzer machine could taint the jury in the event the test results were suppressed. The trial judge denied this request, holding the issue in abeyance until the State sought to introduce the test results. On *voir dire*, the jury panel was questioned extensively on breathalyzers at the request of Silver.

Silver renewed this motion prior to opening statements arguing a hearing and ruling were necessary in order for him to make an effective opening statement. The motion was again denied. During trial, following a hearing from which the jury was excluded, the trial judge suppressed the breathalyzer results. Silver moved for a mistrial for failure of the trial judge to suppress the results at the beginning of the trial. This motion was denied.

During trial, the arresting officer testified he stopped Silver based an erratic driving which included running off the roadway, crossing the center line and improperly stopping in the middle of the road after activation of the blue light. As the officer was about to testify as to statements made by Silver, Silver objected on the basis that he was in custody and, as such, was entitled to *Miranda* warnings. Silver moved for a *Jackson v. Denno* hearing. The trial judge ruled as a matter of law that the defendant was not in custody at that time. The officer continued his testimony stating Silver had asked him to "give him a break" and "call me a cab."

The jury convicted Silver and he appealed to the circuit court. The circuit court held:

1. When a defendant in the trial of a criminal case moves for a *Jackson v. Denno* hearing on the question of statements allegedly made by the defendant, then the judge must hold an *in camera* hearing to make the following decisions on admissibility: (a) whether or not the defendant was "in custody" at the time; (b) whether the statements are incriminating; and (c) whether or not the statements were freely and voluntarily made and the defendant knowingly waived his/her rights to remain silent. If the judge decides the statements were not voluntarily given, then the statements should be suppressed. If, on the other hand, he decides the statements are admissible, then instructions must be given to the jury as to their right and duty regarding the weight they should give that evidence.

2. When a defendant moves for an *in camera* hearing to suppress evidence before the trial begins, both parties are entitled to know whether the evidence is admissible so as to properly pose their case for expeditious presentation to the jury. . . . Therefore, if a motion is made for an *in camera* suppression hearing, one must be held.

The circuit court reversed and remanded for a new trial consistent with its opinion.

We first address the issue of the failure of the trial judge to hold an *in limine* hearing on suppression of the breathalyzer test results. In its opinion, the circuit court found an absolute right to an *in camera* hearing to suppress evidence prior to the start of a trial when requested by the defendant. We disagree.

In the case of *State v. Bridges*, 278 S.C. 447, 298 S.E. (2d) 212 (1982), the trial judge refused to make an anticipatory ruling on whether the State could use a prior guilty plea for impeachment purposes if the defendant decided to testify. The trial judge stated he would rule on the issue if the defendant took the stand and if objection was made. The defendant elected not to testify and argued on appeal that the trial judge's refusal to rule in advance had a chilling effect on his decision on whether or not to testify. Our Supreme Court held

that the trial judge did not abuse his discretion in refusing to rule on the admissibility of evidence until it was offered at trial noting the general rule that the conduct of a criminal trial is left largely to the sound discretion of the trial judge and the appellate court should not interfere unless the complaining party was clearly abused or prejudiced in some way. Likewise, in the case at hand, we find no abuse of discretion on the part of the trial judge in refusing to rule on the admissibility of the breathalyzer results until offered in the course of the trial.

We further note that a ruling on a motion *in limine* is not the ultimate disposition on the admissibility of evidence. *State v. Floyd*, 295 S.C. 518, 369 S.E. (2d) 842 (1988). The ruling remains subject to change and, had the trial judge ruled the evidence admissible at the start and later reversed his ruling, Silver would be in the same position that he now argues has prejudiced him. Because rulings *in limine* do not constitute final determinations on the admissibility of evidence, we fail to see how Silver was prejudiced by the trial judge's refusal to rule until the evidence was offered at trial.

We next address the question of whether the trial judge erred in failing to grant a *Jackson v. Denno* hearing to determine whether a defendant is in custody and, thus, entitled to *Miranda* warnings.

It appears from the record that Silver did not request a *Jackson v. Denno* hearing based on an assertion that the statements were not voluntary but, rather, on the basis that he was entitled to such a hearing because he was in custody and did not receive *Miranda* warnings and therefore it is questionable whether his statement was voluntary.[1] The municipal court judge, thus, apparently ruled that Silver was not in custody, was not entitled to *Miranda* warnings since he was not in custody and, therefore, there was no basis for the motion for a *Jackson v. Denno* hearing on the issue of voluntariness. The record indicates no attempt by Silver to proffer any evidence on either the voluntariness issue generally or the custody issue specifically.

---

[1] It was not until the arguments before the circuit court, sitting as an appellate court, that Silver asserted he made the motion for a *Jackson v. Denni* hearing based on the voluntariness of the statement.

*Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964) provides that a defendant in a criminal case is entitled to an evidentiary hearing on the voluntariness of statements made by the defendant prior to submission of such statements to the jury. Where there is conflicting evidence regarding the statements, the court must make a finding as to their validity. *State v. Childs*, 299 S.C. 471, 385 S.E. (2d) 839 (1989). There is no such conflicting evidence before us and, presumably, was none before the circuit court, for Silver failed to proffer any such evidence. Silver relies on his assertion that he was in custody at the time of his statement and received no *Miranda* warnings and, thus, argues his statements were involuntary. The municipal court judge specifically found Silver was not in custody. Having decided that Silver was not in custody at the time his statements were made, and the motion for a *Jackson v. Denno* hearing having been based on whether he was in custody, the municipal court judge committed no error in refusing such a motion.

The test of admissibility of a statement is voluntariness. *State v. Franklin*, 299 S.C. 133, 382 S.E. (2d) 911 (1989). Any statement given freely and voluntarily without any compelling influence is admissible in evidence. *Id.*, 382 S.E. (2d) at 912. Certainly, if a defendant is not "in custody" at the time he makes a statement to the authorities, *Miranda* warnings are not required. The *Miranda* safeguards are employed to insure the voluntariness of a defendant's statements once he is in custody. *See Franklin*, 382 S.E. (2d) at 912-913 quoting from *Rhode Island v. Innis*, 446 U.S. 291, 100 S. Ct. 1682, 64 L. Ed. (2d) 297 (1980) ("The *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent.").

Silver summarily argues "[i]t is apparent that the magistrate in the present case applied a bright-line rule to the question of whether the respondent was in custody prior to his formal arrest" in contravention of the United States Supreme Court case of *Berkemer v. McCarty*, 468 U.S. 420, 104 S. Ct. 3138, 82 L. Ed. (2d) 317 (1984) wherein the court refused to apply a "bright-line" rule that all traffic stops do not give rise to *Miranda* warning rights. Because there is no record of the municipal court trial before us and, presumably, was none before the circuit court either, it is *not* apparent that the munici-

pal court judge applied a bright-line test. To the contrary, the record below only contains the statement of the case and the municipal court return indicating what occurred at the trial, neither of which provide adequate information as to what the specific facts of this traffic stop were and whether the municipal court judge properly considered these facts in deciding Silver was not in custody at the time he allegedly made the statements.

The issue before us is not whether the municipal court judge properly found Silver was not in custody at the time he allegedly made incriminating statements. Rather, the issue is whether the circuit court erred in reversing the municipal court based on the circuit court's ruling that a defendant has an absolute right to a *Jackson v. Denno* hearing to determine whether a defendant is in custody at the time allegedly incriminating statements are made. The purpose of a *Jackson v. Denno* hearing is to establish the voluntariness of a statement. Silver makes no assertion that his statements were involuntary for any other reasons such as police coercion. He relies solely on his argument that he was in custody and had not received *Miranda* warnings.

We therefore hold the circuit court erred in reversing the municipal court and in finding a defendant has an absolute right to a *Jackson v. Denno* hearing where, as here, the trial judge determines the defendant was not in custody and the defendant asserts no other basis for the necessity of such a hearing.

Reversed.

BELL and CURETON, JJ., concur.

