23978

The STATE, Respondent v. James Anthony PRIMUS, Appellant.

(440 S.E. (2d) 128)

Supreme Court

*Asst. Appellate Defender Wanda H. Haile,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Acting Sol. Thomas R. Simms,* Orangeburg, *for respondent.*

Submitted Aug. 18, 1993.

Decided Jan. 10, 1994.

*Per Curiam:*

Appellant was convicted of grand larceny and failure to stop for a law enforcement vehicle with a flashing light. He was sentenced to imprisonment for eight years for grand larceny, and ninety days and payment of a $500 fine for failure to stop.

Appellant asserts that certain statements he made were taken in violation of his rights under *Miranda v. Arizona,* 384

U.S. 436, 86 S.Ct. 1602, 16 L.Ed. (2d) 694 (1966). He argues the trial judge erred in failing to suppress these statements.

The first statement appellant made was "I didn't do anything." Appellant "blurted" out this statement when he first saw the police officer. Because appellant was not being subjected to any interrogation at this point, *Miranda* is inapplicable and the trial judge committed no error in not suppressing this statement. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed. (2d) 297 (1980); *State v. Howard*, 296 S.C. 481, 374 S.E. (2d) 284 (1988).

The remaining statements were, however, the product of interrogation by the officer. The judge ruled that there was nothing to suppress because these statements were not confessions. This was error.

Statements, whether exculpatory or inculpatory, obtained as a result of custodial interrogation are inadmissible unless the person was advised of and waived his rights. *Miranda v. Arizona*, 384 U.S. 436, 476, 86 S.Ct. 1601, 1624, 15 L.Ed. (2d) 694, 725 (1966). Accordingly, we reverse this ruling of the trial judge.

The State argues that since appellant was not in custody at the time he made the statements to the police officer, warnings pursuant to *Miranda* were not required. Therefore, the State asks this Court to affirm on this ground.

Whether appellant was "in custody" presents a factual issue that cannot be resolved by this Court. *Cf. State v. Barrs*, 257 S.C. 193, 184 S.E. (2d) 708 (1971) (Supreme Court has no jurisdiction to weigh evidence in a law case). Therefore, we remand this case to the circuit court for a *Jackson v. Denno* hearing. If the circuit court determines that these statements should have been suppressed, it shall then determine if appellant is entitled to a new trial.

Affirmed in part; reversed in part; and remanded.