**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald Carl Pitts, Appellant.

Appellate Case No. 2009-149006

―――――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2013-UP-146
Heard March 4, 2013 – Filed April 10, 2013

―――――――――――

**AFFIRMED**

―――――――――――

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Barry J. Barnette, of Spartanburg, for Respondent.

―――――――――――

**PER CURIAM:**  Gerald Carl Pitts appeals his convictions of second-degree burglary and petit larceny, arguing the trial court erred in refusing to grant a mistrial based on alleged violations of Rule 5, SCRCrimP, and *Brady v. Maryland*, 373 U.S. 83 (1963).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to error preservation:  *State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) ("A defendant must object at his first opportunity to preserve an issue for appellate review.").

2.     As to the motion for mistrial:  Rule 5(a)(1)(A), SCRCrimP (providing in part that the prosecution, upon request by a defendant, "shall permit the defendant to inspect and copy or photograph . . . the substance of any oral statement which the prosecution intends to offer in evidence at the trial made by the defendant"); *Brady*, 373 U.S. at 87 (providing the prosecution must disclose evidence that is favorable to the accused and material to his guilt or innocence); *State v. Lunsford*, 318 S.C. 241, 243, 456 S.E.2d 918, 920 (Ct. App. 1995) (finding the trial court did not err in refusing to grant a mistrial when "[d]efense counsel had access to the questioned material . . . and he elected to proceed . . . without taking advantage of the trial [court's] offer to provide him with 'as much time as' he thought he needed to review the previously undisclosed evidence"); *State v. Creech*, 314 S.C. 76, 81, 441 S.E.2d 635, 638 (Ct. App. 1993) ("The granting of a mistrial is a matter within the sound discretion of the trial judge, whose decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law." (citation omitted)).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**