**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Oran Smith, Appellant.

Appellate Case No. 2009-148486

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-428
Heard October 9, 2013 – Filed November 20, 2013

**AFFIRMED**

LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Brendan Jackson McDonald, all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** After the jury was unable to reach a verdict in his first trial, Oran Smith was convicted of murder in his second trial and sentenced to thirty years'

imprisonment.  On appeal, Smith argues the judge presiding over his second trial erred in denying his request for a *Jackson v. Denno*[1] hearing on the voluntariness of his statement, relying instead on the *Jackson v. Denno* hearing held in the first trial.  We affirm.

In June 2009, Smith first stood trial for the June 2007 murder of Cheryl Snow before Judge Harrington.  After the jury was selected in that trial, but prior to the jury being sworn, the trial court held a *Jackson v. Denno* hearing, at which time Smith sought to exclude one of his statements to police wherein he admitted he strangled Snow.  In considering the totality of the circumstances, the trial court found Smith freely and voluntarily gave his statement to police, and this statement was thereafter admitted into evidence over Smith's objection.  The jury was unable to reach a verdict in Smith's first trial, resulting in a mistrial.  In December 2009, Smith was retried for Snow's murder with the same two attorneys representing Smith and the same two solicitors presenting the State's case.  However, Judge Dennis presided over the retrial.  After the jury was chosen, but again prior to being sworn, trial counsel sought a *Jackson v. Denno* hearing.  Finding Judge Harrington had already ruled on the admissibility of the statement in a *Jackson v. Denno* hearing prior to the first trial, Judge Dennis declined to hold another hearing on the matter.

On appeal, Smith contends Judge Dennis erred in denying his request for a second *Jackson v. Denno* hearing at his December 7, 2009 trial, after his first trial ended in a mistrial.  We find no reversible error.

A defendant in a criminal case is entitled to a reliable determination as to the voluntariness of his statement in an independent evidentiary hearing, by a tribunal other than the jury charged with deciding his guilt or innocence, prior to the submission of such statement to the jury.  *State v. Parker*, 381 S.C. 68, 84, 671 S.E.2d 619, 627 (Ct. App. 2008); *State v. Creech*, 314 S.C. 76, 84, 441 S.E.2d 635, 639 (Ct. App. 1994).  This evidentiary hearing must be conducted outside the presence of the jury, where the State must show the statement was voluntarily made by a preponderance of the evidence.  *State v. Simmons*, 384 S.C. 145, 162, 682 S.E.2d 19, 28 (Ct. App. 2009).  Upon examining the totality of circumstances surrounding the statement, the circuit court must determine whether the State has

---

[1] 378 U.S. 368 (1964).

carried its burden of proving the statement was given voluntarily. *Id.* Here, a lengthy, independent evidentiary hearing was conducted by Judge Harrington, a tribunal other than the jury charged with deciding Smith's guilt or innocence, and it was conducted outside the presence of the jury. After considering the totality of the circumstances, Judge Harrington determined the statement in question was freely and voluntarily given by Smith. Further, the law is clear that the proper remedy for the denial of a *Jackson v. Denno* hearing on the voluntariness of a statement is not a new trial, but is a remand for a *Jackson v. Denno* hearing on the voluntariness of the statement. *See State v. Primus*, 312 S.C. 256, 258, 440 S.E.2d 128, 129 (1994) (remanding the matter to the circuit court for a *Jackson v. Denno* hearing since determination of whether appellant was "in custody" presents a factual issue); *Creech*, 314 S.C. at 86-87, 441 S.E.2d at 640-41 (holding, when the trial court failed to hold a *Jackson v. Denno* hearing to determine the voluntariness of a statement, neither the Constitution nor the *Jackson v. Denno* decision mandated a new trial, if, in a soundly conducted collateral proceeding, the appellant's confession was determined to be voluntary; the appropriate remedy was not a new trial, but to remand the matter for a suppression hearing); *State v. Fortner*, 266 S.C. 223, 227, 222 S.E.2d 508, 510 (1976) (holding, where the judge declined to hear any evidence on behalf of appellant concerning circumstances surrounding his confession, appellant was denied a reliable determination of the voluntariness of his confession and was entitled to a new hearing on the issue of voluntariness, and therefore remanding the case "to the Court of General Sessions [for that county] to hold a hearing *before any judge having jurisdiction in that circuit* for a determination of the voluntariness of appellant's confession") (emphasis added); *see also State v. Miller*, 367 S.C. 329, 337-38, 626 S.E.2d 328, 332 (2006) (holding, where the trial court improperly denied Miller an *in camera* identification hearing, this court properly determined Miller was not entitled to a new trial, but was entitled to a remand for the purpose of conducting an in camera hearing on the identification). Here, Smith has already received a proper hearing on the matter, and there is no assertion by him that any new circumstances warranted a new hearing or that he would have presented any different evidence in a new hearing. Because he would only be entitled to a remand for a *Jackson v. Denno* hearing, to be heard by any judge having jurisdiction in that circuit, and he has already received the same, we find no prejudicial error. *See State v. Black*, 400 S.C. 10, 16-17, 732 S.E.2d 880, 884 (2012) ("To warrant reversal, an error must result in prejudice to the appealing party.").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**