**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Malik Jabree Singleton, Appellant.

Appellate Case No. 2019-000124

---

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-437
Submitted November 1, 2021 – Filed December 8, 2021

---

**AFFIRMED**

---

Appellate Defender Adam Sinclair Ruffin, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

---

**PER CURIAM:** Malik Jabree Singleton appeals his convictions for assault and battery of a high and aggravated nature and possession of a weapon during the commission of a violent crime and aggregate twenty-five-year sentence. On

appeal, Singleton argues the trial court abused its discretion by admitting his statements to law enforcement into evidence because police improperly elicited his statements through implied promises of leniency, threats, and deception.

Because evidence supports the voluntariness of Singleton's verbal and written statements to law enforcement, the trial court did not abuse its discretion by admitting the statements into evidence. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("On appeal, the conclusion of the trial [court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* at 378-79, 652 S.E.2d at 448 ("[T]he appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."); *id.* at 381, 652 S.E.2d at 450 ("Under *Jackson v. Denno*,[1] a defendant is entitled to a 'reliable determination as to the voluntariness of his [statement] by a tribunal other than the jury charged with deciding his guilt or innocence.'" (second alteration in original) (quoting *State v. Fortner*, 266 S.C. 223, 226, 222 S.E.2d 508, 510 (1976))); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."); *Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."); *id.* at 387, 652 S.E.2d at 453 (finding Miller's statements to law enforcement were voluntary because "no one made any direct or implied promise of leniency" and thus, "Miller's statements were made in the 'hope' of leniency rather than as a consequence of a 'promise'"); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("Misrepresentations of evidence by police, although a relevant factor, do not render an otherwise voluntary confession inadmissible."); *id.* at 603, 683 S.E.2d at 508 (finding that officers "did not create an environment that caused [the defendant's] will to be overborne," even though they made "numerous emotional appeals relating to [the defendant's] family" and misrepresented evidence, and determining under the totality of the circumstances "evidence exist[ed] to support the trial court's determination that the statements were voluntary").

---

[1] 378 U.S. 368 (1964).

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.